In the Matter of GEORGE HUNT, INC., Debtor.

Jack PINES and Shirlee Pines, Plaintiffs,

v.

GEORGE HUNT, INC., Defendant.

Bankruptcy No. 82–1969.
Adv. No. 84–321.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 17, 1986.

Joseph P. Mawhinney, John W. Frost, II, and Hank B. Campbell, Bartow, Fla., for plaintiffs.

Don Stichter, Tampa, Fla., for debtor/defendant.

Ray Peacock, Clearwater, Fla.

### ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matter under consideration is a Motion For Summary Judgment filed by George Hunt, Inc., the Debtor in the above-styled adversary proceeding. The adversary proceeding was initiated by a Complaint filed by Jack and Shirley Pines, seeking to recover damages suffered by the Plaintiffs as a result of the Debtor's performance under a construction contract between the parties. Plaintiff's asserted causes of action against the Debtor are based on breach of contract, implied warranty and negligence involving Debtor's construction of the roof of the Plaintiff's shopping mall. It is the contention of the Debtor that there are no genuine issues of material fact and that George Hunt, Inc., the Debtor, is entitled to judgment as a matter of law. The Debtor's claim is based on the proposition that the causes of action asserted against the Debtor are subject to the four year statute of limitations pursuant to Chapter 95.11(3) of the Florida Statutes. This claim by the Debtor is the threshold issue to be resolved. The facts relevant to a resolution of the matter under consideration may be summarized as follows:

Jack and Shirley Pines, the Plaintiffs in this adversary proceeding, are the owners of the Winter Haven Mall, a shopping center in Winter Haven, Florida. On or about January 21, 1971, the Plaintiffs, as owners and the Debtor, George Hunt, Inc., as contractor, entered into a contract for the construction of the Winter Haven Mall. Subsequent to the execution of the aforementioned contract, the Defendant, George Hunt, Inc., constructed the Winter Haven

Mall and possession of the premises was delivered by this Defendant, as general contractor, to the Plaintiffs herein, as owners, in September of 1971. After completion of the construction and delivery of possession, the roof of the Winter Haven Mall began leaking in 1971, even prior to the opening of the shopping mall for business in September, 1971. (Deposition of Evans, page 8, line 7–24). The roof began to show a "bad" leaking situation in 1971 with 15 leaks (Deposition of Evans, page 10, line 18 through page 11, line 5). The leaks were reported to and repaired by this Debtor, at the request of the Plaintiffs, for approximately a one year period from September of 1971 through September of 1972. (Deposition of Evans, page 13, line 22, page 14, line 8).

The claimants first filed suit on their alleged defective roof claim against George Hunt, Inc. on January 11, 1978 in Case No. GC–G–78–74–7 in the Circuit Court for Polk County, Florida. The Debtor's petition for relief under Chapter 11 of the Bankruptcy Code was filed on September 24, 1982 before final resolution of that case.

There were multiple defendants, cross-claims and third party claims involved in the Polk County suit. On May 5, 1983, Defendant Celotex Corporation, General Insurance Company, Giffen Roofing Co. and Gulfstream Land & Development Corp. settled among themselves and entered into a mutual release of all claims which purported to exclude George Hunt, Inc. Therefore, the only claims still pending are this present adversary complaint of *Pines v. George Hunt, Inc.* and George Hunt, Inc.'s third party complaint against Giffen Roofing Co. and George Hunt, Inc's crossclaim against Celotex Corp. in the Circuit Court action.

When the roof began leaking in 1971 and the leak became worse during the months that followed, the Plaintiff agreed that it had an obvious leaky roof problem and repeatedly called the Debtor to fix the roof. At that point, in September of 1971, the Plaintiff had or might have had a cause of action if it had been raised within the four year prescribed statute of limitations pursuant to Fla.Stat.Ann. § 95.11(3) (West 1982).

The Plaintiffs have not raised a possible tolling of the statute of limitations due to latent defects in avoidance of the Debtor's affirmative defense. However, the issue is addressed here because even if the Plaintiffs had properly pled a latent defect, the history of leaks since 1971 established that as a matter of law the Plaintiffs knew of should have known of the alleged defect more than four years prior to January 11, 1978, the date that the Plaintiffs first filed suit.

Based on the foregoing, the Court is satisfied that the threshold issue has clearly established that the Plaintiffs failed to assert a cause of action within the four year applicable statute of limitations, leaving no genuine issues of material fact and as such, the Debtor is clearly entitled to summary judgment as a matter of law since the cause of action accrued in September, 1971, but no action on the claim was asserted until January 11, 1978. The Court will not determine any remaining issues pending in any lawsuit in a non-bankruptcy forum.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by George Hunt, Inc. be, and the same is hereby, granted. A separate final judgment will be entered in accordance with the foregoing.